UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. MCKEEN and
MCKEEN & ASSOCIATES, P.C.,

    Plaintiffs,

v.

Case No. 10-10624
Hon. Lawrence P. Zatkoff

CONTINENTAL CASUALTY CO. and
TRACEY LYNN UTTERBACK,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 19, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' motion to remand [dkt 4]. Defendant Continental Casualty Co. ("Continental") has responded to the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiffs' motion to remand is DENIED.

**II.  BACKGROUND**

This case arises out of Plaintiffs' representation of Defendant Tracey Lynn Utterback ("Utterback") in a state-court medical-malpractice litigation. That case was ultimately dismissed, apparently as a sanction for Plaintiffs' non-compliance with the state court's discovery orders.

Utterback subsequently filed a state-court lawsuit charging Plaintiffs with legal malpractice in their handling of her lawsuit.

Defendant Continental Casualty Co. ("Continental") is Plaintiffs' professional-liability insurance carrier. When Continental declined to indemnify Plaintiffs in the state-court legal-malpractice action, Plaintiffs filed a state-court lawsuit against Continental and Utterback, setting forth claims of breach of contract and bad faith against Continental and seeking a declaratory judgment against both Continental and Utterback.

Continental removed this lawsuit to federal court based on diversity of citizenship. In its notice of removal, Continental maintained that Utterback's interest in the litigation is adverse to Continental's; therefore, she should either be realigned as a party-plaintiff, or her citizenship should be ignored because she was fraudulently joined to preclude removal jurisdiction.

Plaintiffs filed a motion to remand, objecting on several bases to the removal of this action. First, they contend that Continental's removal was procedurally improper because (1) Continental filed its notice of removal before it was served with the complaint; and (2) Continental did not seek Utterback's concurrence prior to removing. Second, Plaintiffs maintain that Utterback is properly aligned and, as a result, the Court does not enjoy diversity jurisdiction over this matter. Finally, Plaintiffs suggest that the Court should abstain from presently adjudicating the declaratory-judgment claim.

### III. ANALYSIS

**A. Procedural Issues**

   **1. Premature Removal**

Plaintiffs first contend that Continental's removal was improper because it was filed prior

to Continental being served with the complaint. Continental disagrees with the general concept of premature removal.

The federal removal statute states that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court, and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Continental relies on *Vines v. City of Detroit*, No. CIV 97-CV-71540, 1997 WL 433508 (E.D. Mich. July 24, 1997), where this court explicitly rejected an argument that a co-defendant must wait until formal service of the complaint before concurring in a notice of removal. *Id*. at *2. That case did not, however, specifically address whether the party filing the notice of removal must have been served with the complaint, and it is therefore not dispositive.

Other courts, however, have determined that the removing party is not required to await formal service of the complaint prior to removal. *See NXIVM Corp. v. Ross*, No. 09-CV-338S, 2009 WL 1765240, at *3–4 (W.D.N.Y. June 22, 2009); *Miller v. Contrell, Inc.*, No. 06-0141, 2006 WL 1313367, at *3 (W.D. Mo. May 12, 2006); *Addison v. First Family Fin. Servs. Inc.*, No. 4:06CV22LR, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006).

Here, Continental possessed a copy of the complaint at removal, which it apparently procured once the complaint had been filed on the docket, and it attached its copy of the complaint to its notice of removal. Continental therefore had at its disposal all of the information regarding Plaintiffs' claims at the time it filed its notice of removal. Moreover, the complaint as filed included

3

all of the information pertinent to Continental's removal decision (*i.e.*, no discovery or amendments were required to establish the facts necessary to assert diversity jurisdiction). It would be a colossal waste of time and resources to remand this case only to have Continental file a second notice of removal now that it has been served. *See, e.g.*, *Miller*, 2006 WL 1313367, at *3 (noting that it would be a "matter of litigation gymnastics to return the case to state court, only to have it removed again").

### 2. Defendant Utterback

Plaintiff also believes that Continental's removal was procedurally deficient because Utterback did not consent to the removal.

The Court finds that Plaintiffs' argument is immaterial. Continental's removal was premised on its argument that Utterback should be realigned as a party-plaintiff or alternatively, that she should be dismissed as having been fraudulently joined. Continental therefore did not contemplate that Utterback would be a co-defendant in federal court. And she cannot be, for not only would her presence destroy diversity jurisdiction, as both she and Plaintiffs are citizens of Michigan, but also because a case involving a Michigan citizen as a party-defendant cannot be removed to this Court. *See* 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Soliciting Utterback's consent prior to removal would therefore have required a meaningless act, as no set of circumstances would allow this case to be heard in federal court with Utterback as a party-defendant.

For these reasons, the Court declines to remand this case based on Plaintiffs' procedural attacks.

**B. Abstention**

Plaintiffs also suggest the Court should abstain from hearing this declaratory-judgment action at the present time. However, Plaintiffs' complaint also contains additional counts for breach of contract and bad faith. In such circumstances, the Sixth Circuit has counseled that:

> When a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court *must address*, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay or dismissal would not save any judicial resources. The claims in this case for which declaratory relief is requested and those for which injunctive relief is requested are so closely intertwined that judicial economy counsels against dismissing the claims for declaratory judgment relief while adjudicating the claims for injunctive relief.

*Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n.*, 481 F.3d 414, 422 (6th Cir. 2007). *See also Employers Mut. Cas. Co. v. Reilly Plating Co.*, No. 08-12145, 2008 WL 4757315, at *6 (E.D. Mich. Oct. 28, 2008) (reasoning that although the applicable factors favored dismissal of a declaratory judgment action, the presence of a counterclaim defeated any judicial economy advantage in dismissal).

Because Plaintiffs' complaint seeks relief outside of a declaratory judgment, the Court finds that dismissal and/or abstention is not warranted.

**C. Defendant Utterback**

Having resolved the procedural matters, the Court now turns to the substance of Plaintiffs' motion. The issue is whether Utterback should be realigned as a party-plaintiff in this matter, or whether she should remain a non-diverse party-defendant.

The Sixth Circuit demands that "parties be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the

original alignment." *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1090 (6th Cir. 1992).

The primary dispute in the current action is whether Continental is contractually obligated to indemnify Plaintiffs for the underlying attorney-malpractice action. Clearly, Utterback's interest in this proceeding, if any, comports with that of Plaintiffs. *See La Shangrila, Inc. v. Hermitage Ins. Co.*, No. 8:07-cv-1133-T-24 EAJ, 2007 WL 2330912, at *2 (M.D. Fla. Aug. 13, 2007) ("Instead, under the facts of this case, the Rosens' interests are aligned with La Shangrila's efforts to obtain indemnity from Hermitage for the Rosens' claims . . . ."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rodriguez*, Nos. 03-71738, 03-74442, 2004 WL 3257089, at *9 (E.D. Mich. Feb. 12, 2004) ("The primary dispute in this case is whether the Policy excludes coverage for Ms. Rodriguez's claim against American Axle. Clearly, Ms. Rodriguez has the same interest as American Axle in ensuring that the $25,000,000.00 excess Policy covers her claim.").

Plaintiffs do not dispute the current status of the law; rather, they insist that the analysis is "flawed." Plaintiffs argue that Utterback may not wish for Plaintiffs to be indemnified by their insurance carrier, because the carrier may present a more zealous defense to the malpractice allegations. Plaintiffs also posit that Utterback might prefer that a potential settlement need not be approved by both the insurer and the insureds.

However, the Court will not dwell on Plaintiffs' predictions regarding Utterback's hypothetical response to this procedure. Plaintiffs have not identified any relevant authority contrary to that discussed above, and the Court finds that consideration of the primary dispute in this controversy compels the realignment of Utterback. Therefore, the Court orders that Utterback be realigned on the docket as a party-plaintiff. As a result, complete diversity exists for the exercise

of federal jurisdiction.

## IV. CONCLUSION

Accordingly, and for the above stated reasons, IT IS HEREBY ORDERED that Plaintiffs' motion to remand [dkt 4] is DENIED;

IT IS FURTHER ORDERED that Defendant Utterback be REALIGNED as a party-plaintiff in this action;

IT IS FURTHER ORDERED that Plaintiffs serve Utterback with a copy of this order within five days of entry of the order, and file proof of service thereof, because there is no evidence on the record that Utterback has been served with the complaint.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 19, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290